ALD-132 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3383
_____

UNITED STATES OF AMERICA

v.

ANGEL RAFAEL REYES-VALDEZ a/k/a Abel Anton Alberto Nunez,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2:21-cr-00091-002)
District Judge:  Honorable Harvey Bartle, III
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 24, 2025
Before:  BIBAS, PORTER, and MONTGOMERY-REEVES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 16, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Angel Reyes-Valdez appeals from the order of the United States District Court for the Eastern District of Pennsylvania denying his motion for sentencing relief under 18 U.S.C. § 3582(c)(2). We will summarily affirm.

Reyes-Valdez was convicted of drug- and immigration-related offenses following a four-day jury trial in July 2024, and the District Court sentenced him to an aggregate term of 300 months' imprisonment. Although still represented by counsel, Reyes-Valdez subsequently filed a motion on his own behalf for a two-level sentence reduction under Section 3582(c)(2) and Amendment 821 of the United States Sentencing Guidelines. His trial counsel appealed his conviction and sentence a few days later, prompting the District Court to deny his *pro se* motion for lack of jurisdiction. Reyes-Valdez appealed that order himself as well, and the United States has filed a timely motion for summary affirmance and to be excused from the obligation to file a brief.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we generally review a District Court's denial of relief under Section 3582(c)(2) for abuse of discretion. United States v. Thompson, 825 F.3d 198, 203 (3d Cir. 2016). We may summarily affirm the District Court's decision if the appeal fails to present a substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Reyes-Valdez's appeal does not present a substantial question. The District Court lost jurisdiction to rule on his *pro se* motion under Section 3582(c)(2) the moment his attorney appealed the judgment of conviction, see Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58-59 (1982) (*per curiam*), and the motion was meritless in any event. Section 3582(c)(2) authorizes District Courts to reduce a defendant's sentence

if the defendant "*had been sentenced* to a term of imprisonment *based on a sentencing range that has subsequently been lowered* by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added). Reyes-Valdez urged the District Court to reduce his total offense level by two offense levels in light of Amendment 821 of the Sentencing Guidelines. That amendment, effective November 1, 2023, affords sentencing relief to two discrete classes of defendants: (1) "zero-point offenders," *i.e.*, defendants who did not receive any criminal history points at sentencing; and (2) defendants who were assessed two criminal history points (or "status points") for offenses committed while serving a criminal justice sentence. See U.S. SENTENCING COMM'N, *Amendment 821*, available at https://www.ussc.gov/guidelines/amendment/821.

Reyes-Valdez was sentenced in October 2024—one year after Amendment 821 took effect—and thus he is ineligible for *retroactive* sentencing relief under that amendment and Section 3582(c)(2). To the extent he seeks to contest the District Court's sentence, including the applicability of Amendment 821 to the court's guidelines calculations, he may do so on direct appeal. See 18 U.S.C. § 3742(a).

Accordingly, we grant the government's motion and will summarily affirm the District Court's order denying sentencing relief.